**BOIES SCHILLER FLEXNER LLP**
Sean P. Rodriguez (SBN 262437)
srodriguez@bsfllp.com
Breana Sicley (SBN 347750)
bsicley@bsfllp.com
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6800
Facsimile:  (415) 293-6899

*Attorneys for Plaintiff*
*GOORIN BROS., INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOORIN BROS., INC., <br><br> Plaintiff, <br><br> v. <br><br> BACKYARD BLISS LLC and TREY HAGEN, <br><br> Defendants. | Case No. 3:23-cv-05003 <br><br> **COMPLAINT FOR:** <br><br> 1. **Copyright Infringement (17 U.S.C. § 501(a))** <br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

# COMPLAINT

Plaintiff GOORIN BROS., INC. ("GOORIN BROS.") files this Complaint against Defendants BACKYARD BLISS LLC ("Backyard Bliss") and TREY HAGEN (t/as Backyard Bliss) ("Hagen") (collectively, "Defendants"), and in support states as follows:

## INTRODUCTION

1. Plaintiff GOORIN BROS. brings this action to protect its intellectual property rights from infringement by Defendants.

2. Defendants have traded, and threaten to continue to trade, upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with at least a portion of the GOORIN BROS. copyrights, which are covered by more than 150 U.S. Copyright registrations, in particular U.S. Copyright Office Registration Nos. VA0002012523, VA0002250289, VA0002192767, VA0002244692, VA0002250365, VA0002195671, and VA0002343308 (collectively, the "GOORIN BROS. Copyrights" or "GOORIN BROS. Copyright Registrations").

3. The GOORIN BROS. Copyrights are valid, subsisting, and in full force and effect. True and correct copies of the federal copyright registration certificates, as well as screenshots taken from the publicly available U.S. Copyright Catalogue, for the GOORIN BROS. Copyrights are attached as **Exhibit 1**.

4. Defendants are improperly advertising, marketing, and/or selling unauthorized and illegal products (the "Infringing Products") by reference to the GOORIN BROS. Copyrights. By selling Infringing Products that purport to be genuine and authorized products utilizing the GOORIN BROS. Copyrights, Defendants cause confusion and deception in the marketplace.

5. Defendants advertise, market, and/or sell the Infringing Products online, including through their storefront hosted on www.amazon.com under the following ASINS: B0CC75L2T5; B0CBNB88CH; B0CC7577Q9; B0CC6NWPS5; and B0CBRGYDTY. Photographs of the Infringing Products offered for sale by Defendants are attached as **Exhibit 2**.

6. As a result of Defendants' actions, Plaintiff has been and continues to be deprived of its exclusive right to reproduce the artistic works covered by the GOORIN BROS. Copyrights, as

well as publish, advertise for sale and/or sell its genuine products that incorporate the GOORIN BROS. Copyrights (the "GOORIN BROS. Products"). Plaintiff seeks injunctive and monetary relief to compensate it for the immense losses suffered due to Defendants' infringement.

## THE PARTIES

7. Plaintiff GOORIN BROS. is a corporation incorporated under the laws of California, with its principal place of business in San Francisco, California. Plaintiff is the registered owner of the GOORIN BROS. Copyright Registrations referenced above and with its federal registrations attached as Exhibit 1.

8. Upon information and belief, Defendant Backyard Bliss is a corporation incorporated under the laws of Illinois with its principal place of business in Edwardsville, Illinois. On information and belief, Backyard Bliss manufactures, markets, and/or sells the Infringing Products online via at least www.amazon.com.

9. Defendant Hagen is an individual, and on information and belief, conducts his business in connection with the Infringing Products from a residence located in Edwardsville, Illinois. On information and belief, Hagen manufactures, markets, and/or sells the Infringing Products online via at least www.amazon.com.

## PERSONAL AND SUBJECT MATTER JURISDICTION

10. This Court has personal jurisdiction over Defendants, in that Plaintiff is informed and believes that Defendants conduct business in California and in this judicial district, and the acts and events giving rise to this lawsuit of which Defendants stand accused were undertaken in California and in this judicial district.

11. In addition, on information and belief, Defendants have offered to sell and ship and/or sold and shipped Infringing Products into this judicial district. Defendants regularly conduct, transact and/or solicit business in California and in this judicial district, and/or derive substantial revenues from business transactions in California and/or in this judicial district and/or otherwise avail themselves of the privileges and protections of the laws of the State of California such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play

and due process, and/or Defendants' illegal infringing actions caused injury to Plaintiff in California and in this judicial district such that Defendants should reasonably expect such actions to have consequences in California and this judicial district. For example, upon information and belief, Defendants have transacted business with consumers located in California and in this judicial district for the sale and shipment of Defendants' Infringing Products.

12. This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

### VENUE

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district, conduct business in the judicial district, and Plaintiff resides in this judicial district.

### THE GOORIN BROS. PRODUCTS

14. Plaintiff specializes and has specialized in the manufacture and sale of hats, including trucker caps, headwear, and related apparel and accessories with unique and distinctive designs, to which Plaintiff holds the copyrights. The GOORIN BROS. Products have acquired national and worldwide fame and recognition because of their unique and novel designs.

15. GOORIN BROS.' Copyrighted works feature distinctive animal icons, showcased within stitched square-framed patches. The GOORIN BROS. hats incorporate slogans, including witty phrases or words of empowerment, associated with the featured animal, adding depth and character to each GOORN BROS. product. For example:







16. Plaintiff has been selling its iconic animal hats since as early as 2004. Starting in 2016 and continuing until the present day, Plaintiff has obtained more than 150 copyright registrations for its GOORIN BROS. Products, including the GOORIN BROS. Copyrights at issue in this present dispute. For ease of reference, a chart setting out images of the artistic works covered by the GOORIN BROS. Copyright Registrations as well as those works' corresponding certificate registration numbers are attached as **Exhibit 3**.

17. From the date of the creation of the first GOORIN BROS. Products to the present, Plaintiff is and has been the sole and official source of genuine GOORIN BROS. Products in the

United States. Plaintiff sells GOORIN BROS. Products through its website, www.goorin.com, and through authorized online retailers as well as brick and mortar stores.

18. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the GOORIN BROS. Products. Indeed, products advertised and/or sold by reference to any of the GOORIN BROS. Copyrights are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

19. Plaintiff owns all rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the GOORIN BROS. Copyrights as the owner of those copyrights.

## The Defendants' Unlawful Conduct

20. The success of the GOORIN BROS. Products has resulted in significant amounts of infringement of the GOORIN BROS.' intellectual property rights, including by Defendants.

21. Defendants have sold the Infringing Products online through at least their storefront on www.amazon.com.

22. The Infringing Products are cheap imitations of Plaintiff's GOORIN BROS. Products, which the Defendants deliberately copied in manufacturing, distributing, and/or selling the Infringing Products. The proliferation of Defendants' poor-quality imitations threatens to irreparably harm the goodwill Plaintiff has developed over the past several decades for its genuine GOORIN BROS. Products.

23. Plaintiff has not licensed or authorized Defendants to use the GOORIN BROS. Copyrights, and Defendants are not authorized retailers of genuine GOORIN BROS. Products.

24. A comparison of the images and products set out in Exhibit 2 and paragraph 15 and Exhibit 3, unequivocally show Defendants' infringement of the GOORIN BROS. Copyrights, as the artistic works covered by those registrations are either reproduced on the Infringing Products in their entirety, or in the alternative, the Infringing Products display a reproduction of a substantial

part of those artistic works.

25. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used the GOORIN BROS. Copyrights in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products into and/or throughout the United States over the Internet.

26. Defendants' considerable replication of the distinctive styles and designs of a substantial number of GOORIN BROS. Products evince its efforts to masquerade its own brand as being that of GOORIN BROS' and pass its own product offering off as that of GOORIN BROS, all the while acting without any license or authority or permission from GOORIN BROS. As such, Defendants' use of the GOORIN BROS. Copyrights in connection with the advertising, distribution, offering for sale, and sale of Infringing Products is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

27. Prior to and contemporaneous with its infringing actions alleged herein, Defendants had knowledge of Plaintiff's ownership of the GOORIN BROS. Copyrights, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the GOORIN BROS. Products, and in bad faith proceeded to manufacture, market, develop, offer to be sold, and/or sell the Infringing Products.

28. Defendants have engaged in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Plaintiff's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Plaintiff and the GOORIN BROS. Products.

**FIRST CAUSE OF ACTION**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, et seq.)**

29. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1–28 of this Complaint.

30. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted

works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the GOORIN BROS. Copyrights.

31. Defendants have sold, offered to sell, marketed, distributed, and advertised products in connection with the GOORIN BROS. Copyrights without Plaintiff's permission.

32. Defendants had access to the GOORIN BROS. Products incorporating Plaintiff's registered copyright before Defendants advertised, distributed, offered for sale, and sold Infringing Products online via at least www.amazon.com.

33. Upon information and belief, Defendants have directly copied the GOORIN BROS. Copyrights. Alternatively, Defendants' representations of Plaintiff's copyrights for the GOORIN BROS. Products as displayed online are either identical to or take a substantial part of the artistic works comprising the GOORIN BROS. Copyrights, and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff's copyrights for the GOORIN BROS. Products.

As just one example, Defendants have deceived unknowing consumers by using the GOORIN BROS. Copyrights without authorization within the product descriptions of the online listings of the Infringing Products to attract customers as follows:



*Exemplary picture of Plaintiff's Copyright*



*Exemplary picture of Plaintiff's Product with Copyrighted Image*



*Exemplar of Infringing Product Sold by Defendants*



34. Defendants' exploitation of Plaintiff's copyrights for the GOORIN BROS. Products constitutes infringement of the GOORIN BROS. Copyrights.

35. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with knowledge of Plaintiff's copyright works. Defendants willfully, wantonly, and in conscious disregard and intentional indifference to the rights of Plaintiff made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of Infringing Products.

36. Defendants either knew, or should have reasonably known, that Plaintiff's GOORIN BROS. Products were protected by copyright and that their representations infringed on Plaintiff's copyrights. Defendants continue to infringe upon Plaintiff's rights in and to the various copyrighted works.

37. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. § 504.

38. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Defendants should be required to account for all gains, profits, and advantages derived from its acts of infringement.

39. In the alternative, Plaintiff is entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

40. Plaintiff is entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing works and for an order under 17 U.S.C. § 503 that any of Defendants' Infringing Products be impounded and destroyed.

41. Plaintiff seeks and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

42. Plaintiff has no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputation and the goodwill of its well-known GOORIN BROS. Copyrights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the GOORIN BROS. Copyrights or any reproductions, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GOORIN BROS. Product or is not authorized by Plaintiff to be sold in connection with the GOORIN BROS. Copyrights;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine GOORIN BROS. Product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the GOORIN BROS. Copyrights;

    c. committing any acts calculated to cause consumers to believe that Defendants Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing the GOORIN BROS. Copyrights and damaging Plaintiff's goodwill;

    e. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized

1           by Plaintiff to be sold or offered for sale, and which copy the GOORIN BROS. Copyrights or any reproductions or colorable imitations thereof.

2. Entry of an Order that requires Defendants to take the following actions:

    a. Take all steps necessary to ensure that Defendants cease displaying any advertisements or other promotional material used by or associated with Defendants in connection with the sale of the Infringing Products via any means, including but not limited to www.amazon.com;

    b. Take all steps necessary to prevent links to online listings of the Infringing Products from displaying in search results, including but not limited to, removing links and listings of the Infringing Products from any search index.

3. That Defendants account for and pay to Plaintiff actual damages and any and all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, in an amount to be determined at trial for copyright infringement under 17 U.S.C. § 501(a);

4. In the alternative, that Plaintiff be awarded statutory damages of not less than $750 and not more than $30,000 for each and every infringement of the GOORIN BROS. Copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

5. That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6. Award any and all other relief that this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Dated: September 28, 2023            Respectfully submitted,

                                        BOIES SCHILLER FLEXNER LLP

                                        By:   */s/ Sean P. Rodriguez*
                                                   Sean P. Rodriguez

                                        *Attorney for Plaintiff GOORIN BROS., INC.*